UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                  :
MICHAEL PHILIP KAUFMAN,             :
                  :
            Plaintiff,    :
                  :         23-CV-5864 (JMF)
       -v-             :
                  :    MEMORANDUM OPINION
MONDAY.COM LTD.,               :         AND ORDER
                  :
            Defendant.  :
                  :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Michael Philip Kaufman brings this suit against Defendant monday.com Ltd. alleging direct infringement of three patents: U.S. Patent No. 7,885,981 (the '981 patent), U.S. Patent No. 10,977,220 (the '220 patent), and U.S. Patent No. 10,025,801 (the '801 patent). ECF No. 32 ("FAC"), ¶¶ 8, 13, 28-53. Kaufman alleges that these patents "represented a major advance in technology" for "relational database[s]" by "providing an automated process that would first scan the structure of the entire database, and then, based on what was learned from that scan, and without requiring further human per-table input or adjustment, construct a complete working user application for working with the relational database." *Id.* ¶ 11. Kaufman's Amended Complaint charges that monday.com — an Israeli company that "sells work management, sales/customer relationship management . . . and development/product team services" online — "creates and provides the browser-side software that implements the patented functionality" and "infringes at least the computer-readable media claims" of his patents. *Id.* ¶¶ 1, 13-14. Monday.com now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Kaufman's claims.

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). To survive a motion to dismiss, a plaintiff need only plead "factual allegations [that] are sufficient to show that the plaintiff has a plausible claim for relief." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see also Signify N. Am. Corp. v. Axis Lighting, Inc.*, No. 19-CV-5516 (DLC), 2020 WL 1048927, at *2 (S.D.N.Y. Mar. 4, 2020) ("A plaintiff 'need not prove its case at the pleading stage.' The complaint must only place the potential infringer 'on notice of what activity is being accused of infringement,' as 'the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.'" (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018))), *amended on reconsideration on other grounds*, 2020 WL 2079844 (S.D.N.Y. Apr. 30, 2020). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If a plaintiff's pleadings have "nudged [their] claims across the line from conceivable to plausible," they should not be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Applying these standards here, monday.com's motion must be and is denied. The Amended Complaint alleges that monday.com's services, when accessed by users, "automatically causes a multitude of files comprising that software, including data and executable software . . . , to be downloaded to the user system for execution in the user's web browser," referring to these downloaded files as "Monday.com Downloaded Software, or

'MDS.'" FAC ¶ 21.  With respect to the '981 patent, the Amended Complaint alleges (with illustrative screenshots) that the "instructions" encoded in the MDS "comprise a plurality of routines that meet the limitations of claim 5" of the patent by, among other things, (1) providing a user interface that incorporates various modes to interacting with a given database table, including "create," "retrieve," "update," and "delete" modes; (2) "provid[ing] a routine for scanning the user's database and applying a body of rules to determine the table structures, constraints, and relationships of its data model, and for storing representations thereof"; and (3) using these stored representations to construct a client application corresponding to the database. *Id.* ¶¶ 30-32.  With respect to the '801 patent, the Amended Complaint alleges (again with illustrative support) that the MDS instructions meet the limitations of claim 5, pertaining to the "representation of inter-table relationships," by, among other things, "automatically supplant[ing] the foreign key for each row in the representation of the first user-level table with a description derived from the data in the related row from the second table, thereby enhancing the representation of the data in the first table." *Id.* ¶¶ 38-42.  And with respect to the '220 patent, the Amended Complaint alleges that the MDS instructions meet the limitations of claim 14 by providing a series of routines that "automatically generat[e] an end-user interface for working with the data within a relational database," explaining how these routines appear to be reflected in the illustrative screenshots elsewhere in the pleadings.  *Id.* ¶¶ 48-50.  For now, that is enough.

       In arguing otherwise, monday.com insists that Kaufman's theory of infringement is a technical impossibility.  *See* ECF No. 37 ("Def.'s Mem."), at 4-6, 10-12.  But its arguments on that score are premature.  That is made pellucid by monday.com's repeated contention that Kaufman fails to back up his well-pleaded facts with "evidence."  *See, e.g., id.* at 11 ("Browser functionality is readily viewable in the browser code available to all users.  If there was a

3

database on the front end, Kaufman had access to the evidence to properly plead it.  Instead, he chose to speculate.").  The remainder of monday.com's arguments are, as Kaufman notes, questions of claim construction or issues of fact that the Court cannot properly consider or resolve on a Rule 12(b)(6) motion to dismiss.  *See* ECF No. 40 ("Pl.'s Opp'n"), at 10-14, 17-23; *see also Nalco*, 883 F.3d at 1350 (providing that "[i]t is not appropriate to resolve [such] disputes," including disputes that "hinge on" a technical or factual issue, "on a Rule 12(b)(6) motion, without the benefit of claim construction.  The purpose of a motion to dismiss is to *test the sufficiency of the complaint, not to decide the merits*." (internal quotation marks omitted)).  Monday.com's arguments may carry the day after the parties have conducted discovery and the Court has construed the claims at issue.  But Kaufman's claims are sufficient to proceed.

Accordingly, monday.com's motion to dismiss is DENIED.  Unless and until the Court orders otherwise, monday.com shall answer Kaufman's claims within two weeks of the date of this Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 12(a)(4)(A).  In addition, the initial pretrial conference is hereby reinstated and RESCHEDULED for **July 17, 2024**, at **9:00 a.m.**.  The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties are reminded that, no later than the Thursday before the initial pretrial conference, they are required to submit a joint status letter and proposed Case Management Plan.  *See* ECF No. 12.

The Clerk of Court is directed to terminate ECF No. 36.

SO ORDERED.

Dated: June 21, 2024
      New York, New York

                                              JESSE M. FURMAN
                                       United States District Judge